**IN THE SUPERIOR COURT OF GUAM**

MICHELLE ESPERON,

                          Petitioner,

        vs.

DEPARTMENT OF PUBLIC HEALTH AND
SOCIAL SERVICES

GOVERNMENT OF GUAM,

                         Respondents.

**Superior Court Case No. <u>SP0135-20</u>**

**DECISION AND ORDER
RE MOTION TO DISMISS PETITION
FOR MOOTNESS**

The Court here considers Respondents Department of Public Health and Social Services and the Government of Guam's Motion to Dismiss Petition for Mootness. Having considered the applicable law and the record, the Court GRANTS Respondents' Motion, albeit on different grounds than initially presented.

On September 21, 2020, Petitioner Michelle Esperon filed a verified petition for a writ of habeas corpus on behalf of herself and others similarly situated seeking a release from government quarantine. She alleged that she departed Guam on September 10, 2020, for work related to her job as an airline crew member, and that she returned five days later. V. Petn. ¶ 27. She also claimed that upon her arrival, Respondents placed her in a mandatory quarantine at a government facility in violation of 10 GCA § 3333. Section 3333 permits the Governor to issue an Executive Order which restricts certain persons from entry into Guam during a public health emergency. Such persons include "those individuals who have been in the affected jurisdiction for more than one (1) week and do not possess a recognized and certified document that attests

ORIGINAL

that they have been tested for the specific disease and determined not to be infected. The date of the test must not be more than one (1) week from the date of their entry into Guam." 10 GCA § 3333(a). Moreover, section 3333 permits the Governor to rescind her Executive Order. 10 GCA § 3333(d).

In response to Esperon's petition, Respondents moved to dismiss for lack of standing and on grounds of mootness. Respondents contend that Esperon had been transferred to home quarantine and therefore the matter lacked a viable case or controversy. On the same day as the motion, Petitioner amended her petition from seeking a writ of habeas corpus to seeking a writ of mandamus. Under the amended petition, Esperon asks the Court to compel Respondents to comply with section 3333 by allowing travelers who leave Guam for less than a week and who arrive with a negative COVID-19 result to quarantine at home.

While Respondents have focused on the issue of lack of standing due to her release from government-facility quarantine, the Court finds other grounds to support a dismissal, that is, the present inapplicability of section 3333. In Executive Order No. ("EO") 2020-28, issued on August 21, 2020, Governor Lourdes Leon Guerrero invoked section 3333 in mandating the quarantine and restricting the entry of persons into Guam. She reiterated her authority to restrict entry and to quarantine in EO2020-29, issued on August 27, 2020. However, on September 20, 2020, Governor Leon Guerrero used her authority under section 3333(d) and rescinded the portions of EO2020-28 and EO2020-29 relevant to quarantine and restriction of entry. In other words, by the time Esperon filed her petition and amended petition, Governor Leon Guerrero no longer ordered a quarantine specifically under section 3333.[1] Moreover, Governor Leon

---

[1] EO2020-33 justifies the rescission of the prior Executive Orders by claiming that section 3333 "does not adequately protect against the importation of COVID-19 by travelers to Guam" as it can take "several days for an infected person to have levels of the virus sufficient for detection by a test."



Guerrero had statutory authority to rescind her prior Executive Orders. As section 3333(d) advises, the Governor may rescind a prior Executive Order restricting entry into Guam. By rescinding the Executive Orders that restricted entry, Governor Leon Guerrero abandoned her reliance on section 3333 to quarantine incoming travelers;[2] and in turn, section 3333's provision which exempts short-term travelers from quarantine also no longer applies.

The Court recently announced this position regarding the viability of section 3333 in a decision rendered from the bench in *Atienza v. DPHSS,* SP0183-20. In that case, the petitioner, who arrived on October 15, 2020, after a short trip off-island, also sought to be released from quarantine under section 3333. The Court determined that as section 3333 states, the Governor has the discretion to invoke--and rescind--restriction of entry and quarantine. Accordingly when Governor Leon Guerro rescinded her reliance on section 3333 in EO2020-33, the Court ceased to have grounds to enforce the provisions of the statute.[3]

The same reasoning justifies dismissal of the present action. Esperon seeks a writ to mandate Respondents to release herself and others similarly situated who may qualify under section 3333. However, the statute permits the Governor to rescind her use of section 3333, which she elected to do even before Esperon filed this action. Thus, if Esperon leaves the island again for a short term, section 3333 will not provide her an exemption from quarantine. Nor will any other person similarly situated be able to claim an exemption under section 3333.

While section 3333 was enforceable at the time of Esperon's government quarantine, the Court no longer has the ability to compel Respondents to comply with section 3333. The motion to dismiss is therefore GRANTED.

---

[2] EO2020-33's preamble references DPHSS' alternate authority to quarantine under 10 GCA Chapter 19.

[3] Though the Court denied Atienza relief under section 3333, he prevailed on other grounds.



SO ORDERED this 21st day of October 2020



**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:

Rachel Taimanao-Ayuyu, Esq., for Petitioner Michelle Esperon

Deputy Attorney General James L. Canto, II, Esq., Office of the Attorney General, for the
Department of Public Health and Social Services

Assistant Public Defender John Morrison, Esq., appointed pursuant to the September 25, 2020
General Order in SP0127-20 to represent persons under quarantine